FILED
2014 Jul-21  AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| EARL JUNIOR PALMER, | ) |
| Petitioner, | ) |
| v. | ) 5:12-cv-01969-JFG-JEO |
| WARDEN KENNETH JONES and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This case is before the court on the Report and Recommendation of the magistrate judge (doc. 9) and Petitioner's objections thereto (doc. 11).  In his objections, Petitioner argues that the court should excuse his procedural default because to do otherwise would result in a fundamental miscarriage of justice.  (Doc. 11).  In support of his argument, Petitioner notes that there is inconsistent evidence about where the victim was at a certain time, that Petitioner's car looks similar to other cars, that there was no video evidence of him at the crime scene, and that there was no DNA evidence to connect Petitioner to the crime.  (Doc. 11 at 1-3).  Petitioner argues that these "facts would have entertained a reasonable doubt of his guilt ... if accepted by a [j]ury [and] would have resulted in petitioner's acquittal.  Therefore, failure to entertain Mr. Palmer's petition would result in a fundamental miscarriage of Justice."  (Doc. 11 at 3).

Petitioner's objections are not well taken.  A federal court may consider a procedurally defaulted claim in the absence of a showing of cause for the procedural default in extraordinary cases if a fundamental miscarriage of justice has probably resulted in the conviction of one who is actually

innocent.[1]  *Smith v. Murray*, 477 U.S. 527, 537-38 (1986).  To establish actual innocence,[2] Palmer must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal citations and quotation marks omitted).  "To be credible a gateway claim requires new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Id.* at 537.  Here, Petitioner has not offered any *new* evidence in support of his innocence.  Rather, he relies on a police report dated more than two years prior to his guilty plea and conjecture that the facts that there was no DNA evidence, no video showing him personally, and that there are many cars similar to the type of car he drove, to show that there would have been reasonable doubt had the case gone to a jury. (Doc. 11 at 1-3).  Such facts, however, are not "new" because they were available to Palmer when he pled guilty.  In short, Petitioner has not made the requisite showing that he is entitled to get around the procedural default on grounds that he is actually innocent.  *See Rich v. Dept' of Corr. State of Fla.*, 317 F. App'x 881, 883 (11th Cir. 2008) ("Finally, Rich is not entitled to an actual innocence exception to the § 2244(d) time-bar because he has presented no new evidence of his factual innocence. Instead, he argues that the state's evidence at his trial was insufficient to support his conviction. Rich's argument is not based on new reliable evidence and fails to show that 'it is more likely than not that no reasonable juror would have convicted him.' *Bousley* [*v. United States*, 523

---

[1] Alternatively, a court may hear a procedurally defaulted claim where the petitioner shows "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).  However, because this case does not concern whether Petitioner is eligible for the death penalty, this standard does not apply.

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  *Id. Bousley v. United States*, 523 U.S. 614, 623 (1998).

U.S. 614, 623 (1998)].").

In light of the above, it is clear that Palmer's application for a writ of habeas corpus is due to be dismissed because Petitioner's claims are procedurally defaulted, and, therefore, barred from review by this court.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation (doc. 9) and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved. The court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accordance with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.

The court further finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court **DECLINES** to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

An appropriate order will be entered.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion to Petitioner and counsel for the respondents.

**DONE** this 20th day of July, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE